IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, <br><br>　　　　Plaintiff, <br><br>　vs. <br><br>DR. MICHAEL HEGMANN, <br><br>　　　　Defendant. | CIV. NO. 18-00396 DKW-RLP <br><br>DISMISSAL ORDER |

　　　Before the court is pro se Plaintiff Francis Grandinetti's prisoner civil rights complaint, titled "Hawaii Pro Se Plaintiff Rule 65 TRO Motion/Application. ECF No. 1. Grandinetti's pleading, in its entirety, states:

> Before a reply on the DOC 0450 form above, and also before the grievance process is done on form above, a TRO, FRCP Rule 65 Motion, and a 28 U.S.C. § 1915(g) tort claim are hereby filed on motion hereof.

*Id.* The "form" Grandinetti refers to is a Medical Request dated October 10, 2018, that apparently recounts Grandinetti's discussion with Saguaro Correctional Center (SCC) prison officials regarding his readiness for the programming required to be considered for parole. Grandinetti states: "(1) Not ready for SHIP1-2-3, (2) Not ready for GP, (3) Not ready for work, school, nor HPA board." *Id.* Attached to the

Complaint are numerous documents, including twenty-one additional Medical Requests, a medical report, three inmate requests, and three letters to the Office of the Ombudsman.

To the extent Grandinetti's pleading is meant as a civil rights Complaint, and this is unclear, it is DISMISSED.

## I. **DISCUSSION**

Grandinetti filed this action on October 15, 2018. Because he neither paid the civil filing fee nor submitted an in forma pauperis (IFP) application, the Court issued a Deficiency Order, directing Grandinetti to submit one or the other within twenty-eight days, on or before November 13, 2018. Ord., ECF No. 2. Grandinetti has done neither.

To the extent Grandinetti asserts a civil rights claim under 42 U.S.C. § 1983, he fails to state any cognizable claim for relief. His Complaint makes little sense, and the Court is unable to discern any claims for relief. Grandinetti does not explain what Defendant Dr. Hegmann did or failed to do that violated any of his constitutional rights, and the documents he attaches in support of his pleading do not clarify his claims.

The Court must screen all prisoner complaints pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a

claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)). Grandinetti's pleading is subject to dismissal as wholly incomprehensible and frivolous. Amendment of this pleading is clearly futile. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013) (holding that, if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate).

Moreover, because Grandinetti has accrued more than three strikes under 28 U.S.C. § 1915(g),[1] and does not make "a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing," he may not proceed IFP in this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Thus, even if he *had* timely submitted a completed IFP Application, it would be denied.

Accordingly, the Complaint and this action are DISMISSED as frivolous and for Grandinetti's failure to timely pay the civil filing fee or respond to the court's Deficiency Order.

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LK (D. Haw. 2005). See PACER: http://pacer.psc.uscourts.gov.

## II. CONCLUSION

Grandinetti's Complaint is DISMISSED with prejudice as frivolous. To the extent he seeks a temporary restraining order or any other relief based on his pleading, all pending motions or requests are DENIED. This action is also terminated for Grandinetti's failure to pay the civil filing fee or otherwise respond to the October 16, 2018 Deficiency Order.

The Clerk shall close the file. Grandinetti is NOTIFIED that the Court will take no action on any further requests or motions submitted in this action, beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: November 28, 2018 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Francis Grandinetti v. Dr. Michael Hegmann*; Civil No. 18-00396 DKW RLP; **DISMISSAL ORDER**

*Grandinetti v. Hegmann*, No. 1:18-cv-00396 DKW-RLP; defc'y ords '18 (dsm friv. fail pay or IFP, 1915(g)